IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID P. FUGE,                                    3:11-CV-01236-BR

            Plaintiff,                            OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

            Defendant.


**RICHARD F. MCGINTY**
McGinty & Belcher, PC
P.O. Box 12806
Salem, OR 97309
(503) 371-9636

            Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**NANCY A. MISHALANIE**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104
(206) 615-3621

        Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff David P. Fuge seeks judicial review of a final
decision of the Commissioner of the Social Security Admini-
stration (SSA) in which he denied Plaintiff's application for
Disability Insurance Benefits (DIB) under Title II of the Social
Security Act.  This Court has jurisdiction to review the
Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **AFFIRMS** the decision
of the Commissioner and **DISMISSES** this matter.


                    **ADMINISTRATIVE HISTORY**

     Plaintiff filed an application for DIB on April 23, 2007,
alleging a disability onset date of November 30, 2006.  Tr. 31,
149.[1]  The application was denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a

_____

     [1] Citations to the official transcript of record filed by
the Commissioner on February 24, 2012, are referred to as "Tr."

2 - OPINION AND ORDER

hearing on April 7, 2010.  Tr. 49-96.  At the hearing Plaintiff was represented by an attorney.  Plaintiff, a lay witness, and a vocational expert (VE) testified.

The ALJ issued a decision on May 11, 2010, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 31-44.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on August 27, 2010, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on July 10, 1959, and was 50 years old at the time of the hearing.  Tr. 149.  Plaintiff completed high school.  Tr. 232.  Plaintiff has past relevant work experience as an engineering aid and machine operator.  Tr. 42.

Plaintiff alleges disability due to depression, anxiety, degenerative disc disease, migraines, asthma, and obesity. Tr. 33.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 38, 40-42.

3 - OPINION AND ORDER

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v.*

5 - OPINION AND ORDER

*Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885

6 - OPINION AND ORDER

F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).


## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged November 30, 2006, onset date.  Tr. 33.

At Step Two, the ALJ found Plaintiff has the severe impairments of depression, anxiety, degenerative disc disease,

migraines, asthma, and obesity.  Tr. 33.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 35.  The ALJ found Plaintiff has the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(b). Tr. 16.  The ALJ found Plaintiff can occasionally lift and/or carry 50 pounds and frequently lift and/or carry 25 pounds; stand/walk six hours in an eight-hour workday; sit six hours in an eight-hour workday; and perform "simple, unrushed routine tasks."  Tr. 37.  The ALJ also found Plaintiff "would work best alone and not part of a group" and "must avoid hazardous settings due to the use of his medication."  Tr. 37.

At Step Four, the ALJ found Plaintiff is incapable of performing his past relevant work.  Tr. 42.

At Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 43. Accordingly, the ALJ found Plaintiff is not disabled.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly gave little weight to the opinion of Plaintiff's treating physician Klaus Martin, M.D.; (2) improperly gave little weight to portions of the opinion of Plaintiff's treating psychiatrist Charles

8 - OPINION AND ORDER

Bellville, M.D.; and (3) improperly failed to consider the treatment notes of treating physicians Amanda Warren, M.D. and Mary Elizabeth Peterson, M.D.

## I.   Standards

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g., Morgan v. Comm'r of Soc. Sec.*

9 - OPINION AND ORDER

*Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

An ALJ may reject a physician's opinion if it is based entirely on the claimant's subjective complaints and not supported by clinical evidence in the record.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  "[Q]uestioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports [her] ultimate opinion with [her] own observations," is not, however, a legally sufficient reason for rejecting a physician's opinion.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

## II.  Analysis

### A.  The ALJ did not err when he gave little weight to the opinion of treating physician Dr. Martin.

On May 14, 2007, Dr. Martin opined in a one-page letter that Plaintiff "has experienced headaches both of the migraine type and muscle tension type variety.  In addition he has experienced significant depression and anxiety disorder.  This depression and anxiety disorder has interfered with his ability to hold full time employment."  Tr. 386.  On August 27, 2007, Dr. Martin noted in a one-page letter that

> [f]rom June to November 2006, [Plaintiff] was gainfully employed with the Marion County Road Department.  This was a temporary position.  He did not get hired for the permanent position.

> [Plaintiff] holds a Commercial Driver's License.
> This allows him to operate heavy construction
> equipment and drive trucks.  He acquired his
> Commercial Driver's License in January 2006.  He
> had hoped this may improve his job opportunities.
> Considering these two factors alone, I have no
> helpful information to assist [Plaintiff] in
> obtaining Social Security benefits.

Tr. 385.

The ALJ gave "little weight" to Dr. Martin's May 14, 2007, opinion on the ground that Dr. Martin relied "exclusively on [Plaintiff's] self reporting."  Tr. 41.  The ALJ rejected Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms."  Tr. 37.  Plaintiff does not allege the ALJ erred in that finding.  The ALJ also noted Dr. Martin did not submit any supporting documentation or discuss "any worsening of [Plaintiff']s condition" after November 2006 that would account for his inability to perform work after his temporary employment with Marion County ended.  Finally, the ALJ noted Dr. Martin's opinion did not contain details "about why [Plaintiff's] depression and anxiety would interfere with [Plaintiff's] ability to work or why they were to a level that all work would be precluded."  Tr. 41.

The Court finds on this record that the ALJ did not err when he gave little weight to Dr. Martin's May 14, 2007, opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

11 - OPINION AND ORDER

**B.   The ALJ did not err when he gave little weight to portions of the opinion of treating psychiatrist Dr. Bellville.**

On November 19, 2009, Plaintiff's treating physician, Dr. Bellville, noted Plaintiff suffers from major depression and severe anxiety disorder.  Tr. 474.  Dr. Bellville opined

> [i]n any job [Plaintiff] would do best working by himself in a situation where felt competent and where there would not be a lot of conflict or criticism with fellow workers or supervisors.  All this would only be possible after his moods recover sufficiently.

Tr. 474.  Dr. Bellville stated Plaintiff suffers "moderately severe" limitations in his ability to "complete a normal workday without interruptions from psychologically based symptoms," to "interact appropriately with the general public," to "get along with coworkers or peers without distracting them or exhibiting behavioral extremes," to "respond appropriately to changes in the work setting," and to "travel in unfamiliar places or use public transportation."  Tr. 475-76.  Dr. Bellville also stated Plaintiff suffers severe limitations in his ability to "accept instructions and respond appropriately criticism from supervisors."  Tr. 476.

The ALJ gave little weight to Dr. Bellville's findings of Plaintiff's moderately severe and severe limitations because they were not supported by the record.  Tr. 41.  Specifically, the ALJ noted Jim Greenough, Ph.D., conducted a comprehensive psychological evaluation of Plaintiff, administered various

12 - OPINION AND ORDER

objective tests, and found Plaintiff's memory, problem-solving skills, and ability to learn were normal. Tr. 40, 288-89. Dr. Greenough opined Plaintiff would "work best in a job situation which emphasizes quality of production over speed of production." Tr. 290. The ALJ also pointed out that the treatment notes of Plaintiff's treating counselor, Mary Peterson, Ph.D., showed unremarkable status examinations. Tr. 38, 398-400. For example, in March, April, and May 2008 Plaintiff was well groomed; established a fair rapport; exhibited normal speech volume; and had intact thought content, cognitive functioning, and judgment. Tr. 398-99, 401, 405. The ALJ also noted Disability Determination Services (DDS)[2] Physicians Bill Hennings, Ph.D., and Peter LeBray, Ph.D., opined Plaintiff is capable of understanding and following simple, routine tasks "in a slow paced setting" and is capable of keeping a regular work schedule. Tr. 42, 383, 443.

        The Court concludes on this record that the ALJ did not err when he gave little weight to portions of the opinion of Dr. Bellville because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

---

        [2] DDS is a federally funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a).

13 - OPINION AND ORDER

C.   **The ALJ did not err when he failed to address the treatment notes of Dr. Warren.**

Plaintiff alleges the ALJ erred when he "fail[ed] to evaluate the opinions and functional limitations assessed by" treating physician Dr. Warren.  Specifically, Plaintiff points to various treatment records by Dr. Warren, including her notes that Plaintiff's "pain is better on some days, worse on others"; Plaintiff consistently reported "back pain"; and Plaintiff occasionally reported "spasms," "radiation to the lower extremities," and "numbness in legs."  Tr. 477, 478, 481.

Dr. Warren's treatment notes do not contain any opinions as to specific functional limitations that Plaintiff might have in his ability to work or other restrictions relevant to Plaintiff's RFC.  Instead Dr. Warren noted Plaintiff's complaints of pain and other subjective symptoms and diagnosed Plaintiff with a "slowly improving" lumbar strain after he fell.  Tr. 478.  Dr. Warren recommended conservative treatment and did not identify any specific functional limitations.  Tr. 478.  The Ninth Circuit has held when a treating physician does not place any specific functional limitations on a claimant or opine a claimant is unable to work, the ALJ need not provide reasons to reject the physician's findings.  *See Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010).

In addition, the ALJ found Plaintiff had a severe impairment of the low back and addressed Plaintiff's low-back

14 - OPINION AND ORDER

impairment in his RFC finding.  Accordingly, to the extent that Dr. Warren's treatment notes indicate Plaintiff is limited in some manner by low-back pain, the ALJ credited Dr. Warren's opinion.

The Court concludes on this record that the ALJ did not err by not addressing the treatment notes of Dr. Warren.

**D.   The ALJ did not err when he failed to address portions of the treatment notes of Dr. Peterson.**

Plaintiff contends the ALJ erred when he failed to address the functional limitations assessed by Dr. Peterson. Specifically, Plaintiff asserts the ALJ improperly "select[ed] only specific comments in Dr. Peterson's treatment notes and records that infer Dr. Peterson supports the ALJ's finding[s]."

On March 14, 2007, Dr. Peterson noted in her initial assessment of Plaintiff that he suffers from major depressive disorder, panic disorder, and rule out hoarding disorder and obsessive compulsive disorder.  Tr. 416.  The ALJ relied on Dr. Peterson's findings at Steps Two and Three of his analysis and when he assessed Plaintiff's RFC.

Plaintiff, nevertheless, asserts the ALJ erred when he failed to address Dr. Peterson's diagnosis of agoraphobia and chronic pain.  Pain, however, is considered a symptom rather than a diagnosis.  *See* 20 C.F.R. § 404.1529; SSR 96-3p.  Dr. Peterson noted Plaintiff's agoraphobia would cause Plaintiff anxiety in work settings, but she did not identify any specific restrictions

15 - OPINION AND ORDER

or functional limitations that should be imposed based on that diagnosis.  Tr. 400.

Plaintiff also asserts the ALJ erred when he disregarded Dr. Peterson's assignment of a GAF[3] of 40 to Plaintiff.  The ALJ noted the GAF assessment of 40, but he found it conflicted with a higher GAF of 55 assessed by examining psychologist Gregory Cole, Ph.D.  Tr. 42, 365.  The ALJ found Plaintiff performed activities of daily living with only mild restrictions and concluded those activities reflected Plaintiff's actual capabilities.  The ALJ also relied on Dr. Hennings's opinion that the GAF of 40 was likely the result of the severe financial difficulties Plaintiff was experiencing at the time of Dr. Peterson's evaluation rather than Plaintiff's actual limitations.  Tr. 379.

The Court concludes on this record that the ALJ did not err when he did not address or include in his analysis portions of the treatment notes of treating physician Dr. Warren because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

---

[3] A Global Assessment of Functioning (GAF) score rates a person's psychological, social, and occupational functioning on a hypothetical continuum of mental-health illness.  *See* DSM-1V at 34.

16 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 4th day of January, 2013.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


17 - OPINION AND ORDER